IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MALCOLM ROLAND ALLEN                    *

     Petitioner,                              *        Criminal Action No: RDB 08-0222

     v.                                       *        Civil Action No: RDB 11-1143

UNITED STATES OF AMERICA                *

     Respondent.                              *

*       *       *       *       *       *       *       *       *       *       *       *

## MEMORANDUM OPINION

The *pro se* Petitioner Malcolm Roland Allen ("Petitioner") has filed a Motion to Vacate, Set Aside, or Correct Sentence ("Motion") pursuant to 28 U.S.C. § 2255 (ECF No. 49).   Petitioner argues: (1) his counsel offered ineffective assistance, in violation of Petitioner's Sixth Amendment rights, because counsel failed to file a timely appeal; (2) Petitioner is entitled to re-sentencing under the Fair Sentencing Act of 2010;[1] and (3) Petitioner was improperly designated as a career offender during the sentencing phase of his trial.[2]  (ECF No. 49).[3]

Petitioner has also filed a Motion to Amend the Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 57).  In his amended Motion, Petitioner renewed the ineffective assistance of counsel claim asserted in his original Motion, but also added a claim of ineffective assistance of counsel based on counsel's failure to argue that the count to which

---

[1] Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

[2] U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 Career Offender (2012).

[3] Petitioner's third argument was introduced in a supplement to his original Motion (ECF No. 60).

Petitioner pled was duplicitous.  In particular, Petitioner claims counsel never objected to the count charging possession of two different types of drugs requiring different sentencing lengths.

Finally, Petitioner has filed a separate Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582 (ECF No. 69).  In this Motion, Petitioner repeats an argument introduced in his original Motion that he is entitled to resentencing under the Fair Sentencing Act of 2010, which amended the Sentencing Guidelines in part to address the disparity between cocaine and crack cocaine offenses.  Petitioner argues the court should lower his sentence to reflect the current Guidelines.

There are three motions pending before this Court: Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 49), Motion to Amend the Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 57), and Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (ECF No. 69).  Petitioner's Motion to Amend (ECF No. 57) is GRANTED, and this Court will address Petitioner's amended arguments in conjunction with those claims set out in his original Motion.  Upon review of the parties' submissions, this Court finds that an evidentiary hearing is necessary to resolve whether Petitioner's counsel failed to comply with a request by his client to file a notice of appeal in violation of Petitioner's Sixth Amendment right to effective counsel.  *See* Local Rule 105.6 (D. Md. 2011).  Accordingly, for the reasons stated below, this Court reserves judgment on Petitioner's Motion to Vacate, Set Aside, or Reduce Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 49) pending an evidentiary hearing on this

single claim of ineffective assistance of counsel. This Court finds that a hearing is not necessary to address Petitioner's other claims, and thus the remainder of Petitioner's Motion to Vacate, Set Aside, or Reduce Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 49) is DENIED IN PART. Consequently, Petitioner's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense is also DENIED (ECF No. 69).

## BACKGROUND AND PROCEDURAL HISTORY

On April 25, 2007, detectives executed a search and seizure warrant at Petitioner's residence. Pre-Sentencing Rep. 3. Upon entering the home, detectives secured three persons, including the Petitioner Malcolm Roland Allen ("Petitioner"), and advised them of their Miranda rights. *Id.* At that time, Petitioner stated that one member of the group, Ms. Megan Sherman, had nothing to do with the drugs, and that all of the drugs in the house belonged to him. *Id.* at 4-5. Petitioner then directed the detectives to the kitchen, and a full search of the house was conducted. *Id.* at 4. The search revealed more than 50 grams of cocaine base in various bags, 145 pills of methamphetamine, packaging paraphernalia, a mirror, scale, and a bottle of inositol (used as a cutting agent), among other evidence indicating a drug operation. *Id.*

On May 14, 2008, Petitioner was indicted on two counts: possession with intent to distribute cocaine base and methamphetamine in violation of 21 U.S.C. § 841(a)(1), and possession of materials used to manufacture controlled substances in violation of 21 U.S.C. § 843(a)(6). Indictment 1, ECF No. 1; Re-Arraignment 1, ECF No. 26. On October 30, 2009, Petitioner pled guilty to the first count, possession with intent to distribute 50 grams or more

of cocaine base and a detectable amount of methamphetamine[4] in violation of 21 U.S.C. §
841(a)(1).  Gov.'s Opp'n 1, ECF No. 63.  On May 7, 2010, Petitioner was sentenced to a
prison term of 216 months and five years of supervised release.  *Id.*

Petitioner claims that he directed his attorney to file an appeal on three separate and
timely occasions.[5]  Pet'r's Mot. 2, ECF No. 49-1.  Petitioner also asserts that he contacted
the United States Court of Appeals for the Fourth Circuit to inquire as to the status of his
appeal five months after his last request to his attorney.  *Id.*  Upon being informed that no
appeal had been filed, Petitioner filed a notice of appeal to the Fourth Circuit on October
25, 2010, which was denied as untimely.  *Id.*

Pending before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct
Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 49) and Motion to Amend the Motion to
Vacate (ECF No. 57).  In those motions, Petitioner asserts two claims of ineffective
assistance of counsel, argues his career offender status is improper, and requests re-
sentencing under the Fair Sentencing Act of 2010 ("FSA").  Petitioner also submitted a
Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense
(ECF No. 69), in which he repeats his request for re-sentencing under the FSA.  In the
interest of clarity, Petitioner's arguments for re-sentencing under the FSA, presented first in
his Motion to Vacate and subsequently in his Motion for Retroactive Application, will be
considered together.

---

[4] Petitioner and the Government refer to "3-4 methamphetamine," though the chemical compound
is properly referred to as "3,4-methamphetamine."  This opinion refers to the drug simply as
"methamphetamine."
[5] Specifically, Petitioner claims he requested his attorney file a notice of appeal directly after his
sentencing on May 7, 2010, as well as on May 9 and 20, 2010. Pet'r's Mot. 2, ECF No. 49-1.

## DISCUSSION

Preliminarily, this Court addresses the Petitioner's Motion to Amend his Motion to Vacate (ECF No. 57). The Government has not opposed this Motion to Amend. Moreover, Rule 15(a) of the Federal Rules of Civil Procedure instructs that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In light of the Government's non-opposition to the Motion, as well as the fact that Petitioner filed it well within the one-year statute of limitations for filing a motion to vacate, this Court GRANTS Petitioner's Motion to Amend (ECF No. 57). The amendments that Petitioner requests (ECF No. 57) are hereby considered in conjunction with the arguments asserted in his original Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 49).

I.    **Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255**

Petitioner argues three points in his Motion to Vacate (ECF No. 49) and amendments to that Motion (ECF No. 57). Petitioner asserts two claims of ineffective assistance of counsel: first, that counsel failed to file an appeal upon Petitioner's request, and second, that counsel failed to argue that the count to which Petitioner pled was duplicitous. Petitioner maintains in his third argument that his designation as a career offender was improper. For the reasons discussed below, only Petitioner's first claim of ineffective counsel, relating to counsel's alleged failure to file an appeal, warrants a hearing.

### A. Petitioner's Ineffective Assistance of Counsel Claims

Pursuant to the test laid out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 694 (1984), an ineffective assistance of counsel claim is only successful when a Petitioner can sufficiently demonstrate two factors. Those factors are whether (1) the

attorney's performance fell below an objective standard of reasonableness and (2) if Petitioner suffered actual prejudice. As to the first prong, there is a "strong presumption" that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, actual prejudice is shown if the counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." *Id.* at 687. It requires a showing that, "but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. Petitioner's first claim, that his counsel failed to file an appeal upon request, merits a hearing because the factual dispute surrounding that claim is critical to its outcome. Petitioner's second claim, which rests of a theory of duplicity, fails because it has no basis in law.

### 1. Petitioner claims his lawyer failed to file a notice of appeal.

Petitioner and the Government agree that an evidentiary hearing is necessary to resolve a genuine issue of material fact as to whether Petitioner's counsel failed to file a timely appeal after Petitioner requested he do so. Gov.'s Opp'n 2, ECF No. 63. If counsel failed to file a requested notice of appeal resulting in the forfeiture of judicial proceedings, the defendant has received per se ineffective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) ("[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal."); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993) (holding that a defense attorney's failure to file appeal when requested by his client violated the client's Sixth Amendment right to assistance of counsel, notwithstanding the appeal's improbability of success).

Although the Government agrees that an evidentiary hearing is necessary to resolve this issue, this Court briefly addresses why a hearing in this case is appropriate. Consideration of Petitioner's claim is informed by the United States Court of Appeals for the Fourth Circuit's per curiam decision in *United States v. Moore*, 204 F. App'x 250 (2006). In that case, a petitioner applied for relief in a 28 U.S.C. § 2255 motion, claiming that his counsel failed to file a notice of appeal despite the petitioner's request to do so at the end of his sentencing hearing. *Id.* at 251. Petitioner's counsel denied that claim, stating he did not receive a request to file an appeal until approximately nine months after sentencing. *Id.* The Fourth Circuit vacated the lower court's decision denying a hearing, noting that because Petitioner presented a "colorable Sixth Amendment claim showing disputed facts beyond the record . . . an evidentiary hearing in open court is required." *Id.* (citing *United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000)).

The case at hand is factually analogous to *Moore*. Petitioner Allen claims he directed his attorney to file an appeal on several occasions, yet none was ever filed. Mot. to Vacate, ECF No. 49. In response, the Government avers that when asked, Petitioner's counsel states he was never requested to file an appeal. Gov.'s Opp'n 3, ECF No. 63. Accordingly, as in *Moore*, an evidentiary hearing is appropriate to resolve this issue of material fact that is fundamentally critical to Petitioner's claim of ineffective assistance of counsel. Pet'r's Mot. 2, ECF No. 49-1.

> 2. Petitioner claims his lawyer failed to note that the count to which Petitioner pled was duplicitous.

Petitioner asserts a second ineffective assistance of counsel claim in which he argues that his counsel was constitutionally deficient because he failed to reveal that the count to

which Petitioner pled was duplicitous—that is, that it contained two separate and distinct charges. Mot. for Leave to Am. 3, ECF No 57. Specifically, Petitioner avers that because the single count to which he pled guilty involved possession of two distinct drugs, to wit, heroin and methamphetamine, entailing different sentencing ranges, Petitioner's counsel at sentencing should have focused only on the drug possession conviction to which the lower sentence applied. Although Petitioner's assertion requires an analysis under *Strickland*, a lengthy discussion is unnecessary because the basis of Petitioner's duplicity claim lacks merit.

As to the first *Strickland* prong, whether the attorney's performance fell below an objective standard of reasonableness, the Petitioner alleges his attorney should have "br[ought] to the Court's attention that Count 1 of the indictment was/is duplicitous in nature . . . where such Count consisted of two different types of drugs and where no distinction was made between the two types of drugs." *See* 466 U.S. at 689; Mot. for Leave to Am. 3, ECF No 57. The count to which Petitioner pled guilty, however, was not duplicitous. The rule against duplicity "does not prevent an indictment from alleging more than one act in a single count if the acts are part of a continuous course of conduct." *See United States v. Smith*, 373 F.3d 562, 563-68 (4th Cir. 2004) (explaining that only one of the listed offenses needed to be demonstrated for the defendant to be convicted on the count because the offenses were part of a larger and "continuous scheme"). In a case factually similar to Petitioner's, the United States Court of Appeals for the Eighth Circuit succinctly explained why counts alleging possession with intent to distribute more than one type of drug are not duplicitous, noting that the charges are for "one offense, conspiracy to distribute a controlled substance, in two ways, with marijuana and methamphetamine." *U.S.*

8

*v. Moore*, 184 F.3d 790, 793 (1999). In the case at hand, Petitioner was convicted on a single count alleging possession with intent to distribute controlled substances. Gov.'s Opp'n 4, ECF No. 63. Although two different drugs were at issue, they were prosecuted under one statute as a "continuing offense" encapsulated in an ongoing course of conduct. *Smith*, 373 F.3d at 563-64. Because the count was not duplicitous, an argument in court based on duplicity would have no basis; since it is not within the wide range of professional conduct to pursue claims with no basis, counsel did not perform ineffectively with regard to the first *Strickland* prong.

As to the second prong, which asks if actual prejudice occurred, Petitioner posits he accepted a greater sentence because his attorney failed to identify the count as duplicitous. *See Strickland v. United States*, 466 U.S. 668, 689 (1984); Mot. for Leave to Am. 3, ECF No 57. Because the duplicity assertion lacks merit, it is improper to assume its consideration would have altered the proceedings. *See Orbe v. True*, 233 F. Supp. 2d 749, 765 (E.D. Va. 2002) ("When ineffective assistance claims are based on the failure to raise, develop, or properly present an underlying claim, an examination of the merits of the underlying claim will frequently be dispositive of the ineffective assistance claim. If the underlying claim is meritless, counsel's failure to pursue it can be neither unreasonable nor prejudicial, and no further inquiry is necessary.") Accordingly, Petitioner fails to demonstrate that his counsel's performance was constitutionally deficient, and his claim of ineffective assistance of counsel in regard to the allegedly duplicitous nature of the count does not warrant a hearing.

B. <u>Petitioner's Career Offender Designation Claim</u>

Petitioner argues, in a supplement to his original Motion and Motion to Amend, as well as in his Reply, that the Court incorrectly classified him as a career offender by assigning a felony status to a crime for which he spent less than a year in jail. Supp. to Mot. 2, ECF No. 60; Pet'r's Reply 4, ECF No. 68. Specifically, Petitioner alleges that because he served less than a year for his prior conviction of possession with intent to distribute marijuana, he has in fact only one prior felony conviction (a conviction for first degree assault), and therefore cannot be classified as a career offender. *Id*; Pre-Sentencing Rep. 6. Under the United States Sentencing Guidelines, a defendant is a career offender if (1) at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. SENTENCING GUIDELINES MANUAL, § 4B1.1(a) Career Offender (2012).

The third prong, and the only one to which Petitioner's claim relates, requires an understanding of the term "prior felony conviction." Prior felony convictions are defined as adult charges for a federal or state crime "punishable by death or imprisonment for a term exceeding one year...regardless of the actual sentence imposed." SENTENCING GUIDELINES MANUAL, § 4B1.2(c) definitions and accompanying cmt (2012). The fact that Petitioner served less than a year in jail is not dispositive on the issue of how to classify his conviction; the fact that Petitioner *could* have served over a year, however, is. *United States v. Simmons*, 649 F.3d 237, 244-45 (2011).

The United States Court of Appeals for the Fourth Circuit has made clear that a defendant may be considered a career offender if the record reflects that he was charged or convicted of a sentence for which he could have received more than a year's imprisonment. *Id.* For example, in *United States v. Simmons*, the Fourth Circuit held that a prior conviction for a state offense that was not punishable by imprisonment for more than a year did not qualify the offense as a predicate felony conviction for purposes of the Controlled Substances Act. *Id.* In *Simmons*, the defendant violated a statute for which a prison term of more than a year could be imposed only if the prosecution showed aggravating factors and a prior criminal history, which they did not. *Id.* at 240-41.

Conversely, in this case Petitioner's prior conviction involved the violation of a law providing for no more than five years imprisonment, with no conditions on imposing a sentence longer than a year. Pre-Sentencing Report 6; Md. Criminal Law Annotated § 5-607. His designation as a career offender is thus proper. Although the Court has discretion in applying Sentencing Guidelines—indeed, it exercised such discretion in this case by reducing Petitioner's criminal history from a Category VI to a Category V to reflect an over-representation of his criminal history—it is not bound to alter Petitioner's status as a career offender when that status was properly designated.[6]  Gov.'s Resp 3, ECF 63. Petitioner's claim for re-sentencing without a career offender status accordingly fails.

---

[6] The ability of the court to use its discretion in deviating from Sentencing Guidelines does not mean the court must deviate from those guidelines. *See United States v. Pinckney*, 938 F.2d 519, 521 (4th Cir. 1999) (noting the court's discretion in departing from Sentencing Guidelines when former charges may over or under-represent the defendant's criminal history).

## II.  Petitioner's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense

Petitioner's request for retroactive application of the Fair Sentencing Act of 2010 ("FSA") to his case was introduced in Petitioner's original Motion and expanded upon in a separate Motion.  Pet'r's Mot. 3-5, ECF No. 49;  Pet'r's Mot. 1-2, ECF No. 69.  The arguments presented in these motions have been considered together and, for the reasons set forth below, fail to merit re-sentencing.

### A.  Petitioner's Fair Sentencing Act Claim

Petitioner asserts he is eligible for re-sentencing under the Fair Sentencing Act of 2010 ("FSA").  Pet'r's Mot. 1-2, ECF No. 69.  He argues that re-sentencing is appropriate because the FSA amended the guideline range for his count from a level 37 to a level 34.  *Id.*

Before considering the possible impacts of the FSA on this case, it is helpful to review the role the Federal Sentencing Guidelines play in sentence calculations.  The Supreme Court's decision in *Gall v. United States*, 552 U.S. 38, 49-50 (2007), describes how a district judge may appropriately impose a sentence: the judge should first calculate the applicable Guidelines range, then allow each party to argue for the sentence they feel is appropriate, and finally "make an individualized assessment based on the facts presented" and with consideration of relevant Section 3553(a) factors.[7]  While the judge "may not

---

[7] 19 U.S.C.A. 3553(a) directs the court to consider the following when imposing a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

presume that the Guidelines range is reasonable," he must also justify any sentence outside of that range, with increasing justification for more deviating sentences. *Id.*

In this case, the Court calculated the Guidelines range at 267 to 327 months. Statement of Reasons 1, ECF No. 40. The Court acknowledged the parties' arguments for and against deviating from that range, including discussion of the disparity between crack cocaine and powder cocaine. Gov.'s Opp'n 4, ECF No. 63. Finally, the Court looked at the 3553(a) factors and determined that "an appropriate sentence in this case is 216 months . . . [i]t is below the advisory guideline range . . . slightly above . . . the guidelines for powder cocaine."[8] *Id.* The Court explained its departure from the Guidelines as a result of an overrepresentation of Petitioner's criminal history. Statement of Reasons 2. In its decision, the Court followed Supreme Court precedent to determine an appropriate sentence. Petitioner argues, however, that his sentence is not within the guideline range under the subsequently enacted FSA.

When applicable Sentencing Guidelines have been amended subsequent to a defendant's sentencing, the defendant may sometimes seek relief under 18 U.S.C. § 3582(c)(2).[9] Petitioner's claim for relief under that section, however, fails because the FSA does not apply retroactively to individuals in his situation. The Supreme Court has explained that a "court's power under § 3582(c)(2) . . . depends in the first

---

[8] The Court noted the guideline range for powder cocaine, in comparison to the range for crack cocaine, is 168 to 210 months.

[9] It should thus be acknowledged that the FSA does have limited retroactive application. In *Dorsey v. United States,* the Supreme Court held that the FSA may be applied retroactively to an individual whose crime occurred before FSA passage but whose sentencing occurred after its passage. 132 S. Ct. 2321, 2331 (2012). Petitioner, however, does not qualify for retroactive application under this rule: he committed his crime and was sentenced prior to passage of the FSA.

instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010). The Fourth Circuit has already concluded that the FSA does not apply retroactively. In *United States v. Bullard*, 645 F.3d 237, 248 (2011), the Fourth Circuit reviewed the defendant's sentencing in a crack cocaine case and explicitly decided to "agree with all eight circuits that have ruled on the issue that the FSA contains no express statement of retroactivity, nor can any such intent be inferred from its language." The Court noted that "Congress knows how to explicitly provide for retroactive application when it so desires," and it did not provide for such application of the FSA. *Id.* Because the FSA does not apply retroactively to individuals in Petitioner's position, Petitioner is not entitled to re-sentencing under § 3553(c)(2).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 49) is DENIED IN PART. Judgment is reserved pending an evidentiary hearing on the issue of counsel's alleged failure to file a notice of appeal. All other claims in Petitioner's Motion are DENIED (ECF No. 49). Petitioner's Motion to Amend is GRANTED (ECF No. 57). Finally, Petitioner's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense is DENIED (ECF No. 69).

To the extent that this Court is denying Petitioner's motions, it is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's

earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find the Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate order follows.

Dated:          March 25, 2013

Richard D. Bennett
United States District Judge