IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MALCOLM ROLAND ALLEN | * | |
| Petitioner, | * | |
| | | Criminal Action No: RDB 08-0222 |
| v. | * | |
| UNITED STATES OF AMERICA | * | Civil Action No: RDB 11-1143 |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The *pro se* Petitioner Malcolm Roland Allen ("Petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 49). In his Motion to Vacate, Petitioner argued that his counsel provided ineffective assistance, in violation of the Sixth Amendment, by failing to file a timely appeal and failing to argue that the count to which Petitioner pled was duplicitous. *See* Mot. to Vacate, ECF No. 49. Petitioner also maintained that he was entitled to re-sentencing under the Fair Sentencing Act of 2010,[1] and that he was improperly designated as a career offender during the sentencing phase of his trial. *Id.*

In a Memorandum Opinion and Order issued on March 25, 2013 (ECF No. 71 & 72), this Court found that an evidentiary hearing was necessary to resolve whether Petitioner's counsel failed to comply with a request by Petitioner to file a notice of appeal. *See* Local Rule 105.6 (D. Md. 2011). Accordingly, this Court reserved judgment on Petitioner's Motion to Vacate, Set Aside, or Reduce Sentence Pursuant to 28 U.S.C. § 2255

---

[1] Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

(ECF No. 49), pending an evidentiary hearing on this single claim of ineffective assistance of counsel. As to all other issues, this Court found that a hearing would not be necessary, and the remainder of Petitioner's Motion to Vacate, Set Aside, or Reduce Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 49) was DENIED. This Court held an evidentiary hearing on June 6, 2013, on the single issue that remained pending in Petitioner's Motion to Vacate.

## **CONCLUSION**

For the reasons stated on the record, Petitioner's Motion to Vacate (ECF No. 49) is GRANTED IN PART and DENIED IN PART. Specifically, this Court GRANTS Petitioner's Motion to Vacate (ECF No. 49) only as to his claim of ineffective assistance for his counsel's alleged failure to file an appeal. All other claims recited in his Motion to Vacate (ECF No. 49) are DENIED for the reasons articulated in this Court's Memorandum Opinion of March 25, 2013 (ECF No. 71).

Accordingly, this Court VACATES the judgment in the original case, *United States v. Malcolm Roland Allen*, Case No. 08-cr-0222 (ECF No. 39), and orders the Clerk of the Court to enter an amended judgment, identical in all respects to the earlier judgment except for the date of entry, so that Petitioner may file an appeal. This is the appropriate remedy where a petitioner is successful in his claim that he received ineffective assistance of counsel because counsel failed to file a requested notice of appeal. *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *see also United States v. Mongold*, 259 F. App'x 539 (4th Cir. 2007) (per curiam) (collecting cases).

To the extent that this Court has denied some of Petitioner's arguments, it is required to issue or deny a certificate of appealability when it enters a final order adverse to the

2

applicant pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find the Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: June 7, 2013

_____/s/_____
Richard D. Bennett
United States District Judge